**Tigranuhi GEVPANOSYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71747.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Tigranuhi Gevpanosyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for sub-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

stantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), we deny the petition for review.

 Substantial evidence supports the IJ's adverse credibility finding. The IJ found Gevpanosyan's testimony to be insincere, as she would "fumble" and appear confused when asked questions outside of the scope of her application. The record does not compel a contrary result, particularly in light of the special deference we accord credibility findings based on demeanor. *See Singh–Kaur,* 183 F.3d at 1151. Moreover, the record also supports the IJ's determination that Gevpanosyan failed to produce easily available, material, and non-duplicative corroborating evidence, in that she did not call on her brother who lives in a nearby suburb to testify as to her ethnicity or the events upon which she based her asylum claim. *See Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000) (finding that testimony of applicant's father would have been easily available, material, and non-duplicative corrobative evidence where applicant testified that her father lived nearby and provided no reason as to why he did not testify).

Gevpanosyan's contention that the BIA erred by not separately considering her application for withholding of removal fails, because by failing to establish eligibility for asylum, Gevpanosyan necessarily failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.